Edward **MULROY, d/b/a Mulroy Dairy Farms, Plaintiff,**

v.

**John R. BLOCK, Secretary of Agriculture of the United States of America, Defendant.**

**No. 82–CV–1191.**

United States District Court, N.D. New York.

Nov. 23, 1983.

See also, 569 F.Supp. 256.

Carroll, Carroll & Butz, Syracuse, N.Y., for plaintiff; John Benjamin Carroll, Syracuse, N.Y., of counsel.

J. Paul McGrath, Asst. Atty. Gen., Dept. of Justice, Civ. Div., Washington, D.C., Frederick J. Scullin, Jr., U.S. Atty., N.D. N.Y., Syracuse, N.Y., for defendant; Stephen E. Hart, Catherine H. Coleman, Washington, D.C., Nancy Jones, Asst. U.S. Atty., Syracuse, N.Y., of counsel.

## MEMORANDUM—DECISION AND ORDER

MUNSON, Chief Judge.

On October 29, 1982, the plaintiff, Edward Mulroy, commenced this action seeking to temporarily, preliminarily and permanently enjoin the defendant, John R. Block, from collecting funds pursuant to Title I of the Omnibus Budget Reconciliation Act of 1982, Pub.L. No. 97–253, Section 101, 96 Stat. 763 (Sept. 8, 1982 (amending 7 U.S.C. Section 1446)). Plaintiff initially challenged the assessment provisions on various constitutional grounds. On May 5, 1983 this court granted defendant's motion for summary judgment concluding that the statute authorizing the deduction was constitutionally valid and that the challenged regulations did not violate the National Environmental Policy Act. Plaintiff subsequently amended his complaint and raised the new allegation that the Secretary of Agriculture did not comply with the requirements of the Administrative Procedure Act [APA], 5 U.S.C. § 551 *et seq.*, when he determined to begin collecting the 50-cent per hundredweight deduction. A detailed statement of the facts of this case is set out in the court's earlier decision, *see Mulroy v. Block*, 569 F.Supp. 256 (N.D.N.Y.1983), familiarity with which is assumed.

Presently before the court is a motion by the plaintiff for preliminary relief and for summary judgment and a cross-motion by the defendant for summary judgment. These motions were orally argued on April 15, 1983. Following the hearing the court took the matter under advisement and has since reviewed the memoranda of counsel, the administrative record, submitted affidavits, and pertinent cited authority. Based upon the foregoing the court concludes that the Secretary of Agriculture fully complied with the APA. Accordingly, plaintiff's motions are denied and defendant's motion for summary judgment is hereby granted.

The court has based its decision primarily upon the Fourth Circuit's recent decision in *State of South Carolina ex rel. Tindal v. Block*, 717 F.2d 874 (4th Cir.1983). In an exhaustive review of administrative law challenges to the present milk price support legislation, the Fourth Circuit concluded that the Secretary fully complied with the APA. To the extent that the issues involved in the present lawsuit are identical to those before the Fourth Circuit, the court finds that the reasoning and result of the Fourth Circuit decision is dispositive of this case.

It is interesting to note that the Fourth Circuit, in upholding the present legislation and regulations, concluded that:

> We may well consider the tool given by the Secretary to be blunt, and its use by the Secretary to effectively drive some producers 'out of business' to be harsh as it applies to small dairy operations. It is clear, however, that Congress was aware of the possibility of harsh results to some small farmers .... Were we the Secretary, we might well have searched long for a more humane alternative, but our judicial task is not to substitute our judgment for that of the administrative agency.

*Id.* at 888.

It appears to me that this language reflects the Fourth Circuit's implicit view that, notwithstanding the pernicious nature of the challenged legislation, judicial activism is the greater evil. I reluctantly uphold the challenged regulations for the same reasons. At a time like this it is unfortunate that the judgment of this court cannot be substituted for the legislative branch of our government, when, as here, it is apparent that the judgment of the

legislative branch was unwise. It seems incongruous that Congress, in an effort to provide dairy farmers of this nation with a minimum level of support, has chosen a measure which will inevitably bring about the demise of many of those same dairy farmers. Indeed, in a time when this nation is experiencing the decline and threatened extinction of the individual farmer, it is particularly disturbing to see legislation such as this which will undoubtedly have a devastating effect on the small scale dairy farmers of this nation.

Sadly, I may not be swayed by my own view of the inequities which may occur as a result of this governmental action. This court is constrained to adhere to its role of judicial deference and restraint.

Accordingly, there being no material issue of fact, and defendant being entitled to judgment as a matter of law, defendant's motion for summary judgment is hereby granted.

It is so Ordered.